IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOMAS E. ROGERS,  )  | CIVIL NO. 11-00213 JMS-RLP |
| )| |
| Plaintiff,  )| FINDINGS AND RECOMMENDATION TO |
| )| DISMISS THIS ACTION |
| vs.   )| |
| )| |
| STATE OF HAWAII, ET AL.,  )| |
| )| |
| Defendants.  )| |
| )| |

FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION[1]

On January 30, 2014, at 10:00 a.m., a hearing was held on this Court's January 7, 2014 Order to Show Cause directing Plaintiff to show cause, if any, why this case should not be dismissed for failure to prosecute.  At the hearing, Johnaaron Murphy Jones, Esq. appeared on behalf of Plaintiff.  John M. Cregor, Jr., Esq. appeared on behalf of Defendants.  As discussed below, the Court FINDS and RECOMMENDS that this action be dismissed with prejudice.

DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b).  Rule 41(b) grants courts the authority to *sua sponte* dismiss

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

actions for failure to prosecute or for failure to comply with court orders.  See, e.g., Pagano v. OneWest Bank, F.S.B., CV 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012)(citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).

The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Here, dismissal is appropriate given Plaintiff's failure to prosecute and apparent disinterest in continuing with this litigation.  First, the public's interest in expeditious resolution of this litigation weighs heavily in favor of dismissal because this case has been pending for more than two and a half years.  Second, the court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute this action has interfered with the Court's ability to manage its docket.  Plaintiff has taken no action to advance

this case since it was filed in April 2011.  Third, the risk of prejudice to Defendants weighs heavily in favor of dismissal.  Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the resolution of this case.  See Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  Fourth, less drastic sanctions are not appropriate based on Plaintiff's counsel's representation that Plaintiff has not been in contact with counsel and has not shown any interest in pursuing this action.  Accordingly, this factor supports dismissal.  Finally, although public policy generally favors disposition on the merits, because four of the factors weigh heavily in favor of dismissal, and under the facts of this case, the Court FINDS and RECOMMENDS that this action be dismissed with prejudice.

## CONCLUSION

The Court FINDS AND RECOMMENDS that this action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 30, 2014.

_____
Richard L. Puglisi
United States Magistrate Judge

**ROGERS V. STATE OF HAWAII, ET AL.; CIVIL NO. 11-00213 JMS-RLP; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION**